UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANGIELIZ COLONDRES,

    Plaintiff,

v.

JOHN E. POTTER, Postmaster General,

    Defendant.

Civil No. 11-1171 (JAF)

## OPINION AND ORDER

Plaintiff sues alleging discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–e17. (Docket No. 1.) Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 11.) Plaintiff opposes. (Docket No. 12.)

### I.

### Allegations

We derive the following allegations from the complaint. (Docket No. 1.) Plaintiff worked for the United States Postal Service Agency ("USPS") as a Sales and Services Distribution Associate at the Vega Alta post office in Vega Alta, Puerto Rico. (Id. at 3.) Blanca Layme ("Layme") was Plaintiff's supervisor and the Vega Alta Postmaster. (Id.) Plaintiff alleges that beginning in April 2009, for a time period of over seven months, Layme subjected Plaintiff "to a pattern of unwelcome sexual conduct with the purpose of obtaining sexual favors from her." (Id. at 4.) Plaintiff alleges that Layme lustfully stared at her body, made comments to Plaintiff about her physique that indicated her desire to have sex with Plaintiff, made sexual insinuations to Plaintiff, invited Plaintiff to go out, and displayed jealousy regarding Plaintiff's relationships with her ex-

Civil No. 11-1171 (JAF)                                                                                                                                -2-

husband, female coworkers, and clients at work. (Id.) Plaintiff alleges that despite explicitly communicating that the sexual advances were unwelcome, Layme persisted in the same pattern of conduct. (Id.)

Furthermore, Plaintiff alleges that after telling Layme her conduct was unwelcome, Layme took retaliatory actions against her in response to the rejection. Specifically, she alleges that Layme: 1) shouted at Plaintiff in the presence of customers and employees; 2) subjected her to "extreme supervision;" 3) "unjustifiably reprimanded" her, "sometimes in a threatening manner;" 3) forced her to work overtime without notice; 4) issued a "pre-disclipinary interview and a letter of demand" supposedly for poor performance; 5) unjustifiably charged Plaintiff with "Absence Without Leave for an absence;" 6) forced her to perform double duties; 7) changed her lunch hour; and 8) humiliated Plaintiff "because of her mental condition (depression)." (Id. at 5.)

On February 23, 2010, Plaintiff filed a claim of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Id.) After filing this charge, Plaintiff alleges, the USPS retaliated against her by preventing her from working for three days (May 17–19, 2010) and "demanding her to request light duty." (Id.) Plaintiff alleges that the harassment and retaliation unreasonably interfered with her job performance and caused "her to suffer shame, embarrassment, humiliation, nervousness, anxiety, fear, and anger" at work, causing "severe mental anguish and emotional distress," as well as injury to her reputation and career. (Id. at 6.)

**II.**

**Standard for Motion to Dismiss Under 12(b)(6)**

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences

Civil No. 11-1171 (JAF) -3-

in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

"[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering a complaint's adequacy, we disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (internal quotation marks omitted). We then take as true what remains, "[n]onconclusory factual allegations . . . even if seemingly incredible." Id. On the basis of those properly pled facts, we assess the "reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.

### III.

### Analysis

Defendant argues that Plaintiff's allegations fall short of the requirements for claims of harassment,[1] hostile work environment, and retaliation. (Docket No. 11.) We address each argument in turn, and for the reasons discussed below deny Defendant's motion.

### A. Hostile Work Environment

Defendant argues that Plaintiff's sexual harassment claims "fail to set forth any fact substantiating her conclusory allegations" and also fail to allege details such as the frequency, severity, threatening nature of the conduct, as well as interference with her work. (Docket No. 11 at 5.) In addition, Defendant argues that Plaintiff failed to show Layme's conduct was based upon

---

[1] Defendant does not specifically address Plaintiff's quid-pro-quo allegations, instead addressing the harassment claims under the rubric of harassment and hostile work environment. Regardless, the "Supreme Court has cautioned, however, that the 'rough demarcation' between quid pro quo claims and hostile work environment claims may be of 'limited utility,' other than to generally describe alternative approaches to proving sex-based employment discrimination." Perez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 26 (1st Cir. 2011) (quoting Burlington Indus. v. Ellerth, 524 U.S. 742, 753–54 (1998)).

Civil No. 11-1171 (JAF) -4-

sex or objectively offensive. (Id.)  In response, Plaintiff argues that Title VII does not require a heightened pleading standard and that the complaint contains sufficient details as to the harassment, which she alleges to have lasted for over seven months. (Docket No. 12 at 6.)  We agree with Plaintiff.

To establish a successful hostile work environment claim, Plaintiff must establish six elements:

> (1) that he is a member of a protected class; (2) that he was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and that he in fact did perceive it to be so; and (6) that some basis for employer liability has been demonstrated.

Perez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 27 (1st Cir. 2011) (citing Agusty-Reyes v. Dep't of Educ., 601 F.3d 45, 52 (1st Cir. 2010)). "Harassment that creates a sexually hostile and abusive work environment is actionable when it is sufficiently severe and pervasive to effect constructive alterations in the terms or conditions of employment." Id. at 26 (citing Burlington Indus. v. Ellerth, 524 U.S. 742, 752–54 (1998)). At the motion to dismiss stage, we draw all reasonable inferences in Plaintiff's favor, and we find that she has alleged adequate "supporting factual allegations pertaining to each material element of the claim." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008). She has alleged that her supervisor frequently engaged in inappropriate comments and conduct of a sexual nature, that the conduct was objectively offensive (and Plaintiff subjectively found it hostile and abusive), and that the conduct altered her conditions of employment, causing her shame and emotional distress. We reject Defendant's argument that she has failed to meet the

Civil No. 11-1171 (JAF)                                                                                              -5-

elements of the hostile work environment claim.[2] See Perez-Cordero, 656 F.3d at 29 (finding conduct alleged to be severe and pervasive when plaintiff alleged "both an initial period in which Santiago pursued him romantically and a subsequent months-long campaign of retaliation . . . as punishment for his rejection of her advances").

**B.   Retaliation**

Defendant argues that the retaliatory actions alleged by Plaintiff upon rejection of her advances did not affect the "condition of employment where [Plaintiff] is still working." (Docket No. 11 at 4.) Furthermore, Defendant argues that the alleged retaliatory actions fail to rise to the level of severity or pervasiveness required "to alter [her] employment or create a hostile work environment," adding that the "objective element is not met." (Id. at 5.)

"To make out a prima facie case of retaliation . . . the plaintiff must prove that (1) he or she engaged in protected activity under Title VII, (2) he or she suffered an adverse employment action, and (3) the adverse employment action was causally connected to the protected activity." Collazo v. Bristol-Myers Squibb Mfg., 617 F.3d 39, 46 (1st Cir. 2010) (citations omitted). After the plaintiff has established the prima facie case, the burden shifts to the defendant, who must "articulate a legitimate, non-retaliatory reason for its employment decision. If the defendant meets its burden of production, the burden shifts back to the plaintiff to show that the proffered legitimate reason is in fact a pretext and that the job action was the result of the defendant's retaliatory animus." Id. (quoting Roman v. Potter, 604 F.3d 34, 39 (1st Cir. 2010)) (internal quotation marks omitted).

Defendant's arguments fail at this stage. Taking all of Plaintiff's well-pleaded facts as true, we find that she has alleged a prima facie case of retaliation. She engaged in protected activity of rejecting Layme's advances and filing an EEOC charge, and claims that the retaliatory conduct

---

[2] Defendant does not raise, and we do not address, any arguments surrounding the sixth element, the basis for employer liability.

Civil No. 11-1171 (JAF)                                                                                          -6-

alleged was causally connected to the protected conduct. The First Circuit has held that "a hostile work environment can constitute a retaliatory adverse employment action" for purposes of a Title VII retaliation claim. Noviello v. City of Boston, 398 F.3d 76, 89–90 (1st Cir. 2005). Defendant's arguments regarding the sufficient "severe and pervasive" nature of the retaliation also fail. Plaintiff has alleged that the conduct was both objectively and subjectively offensive, as well as sufficiently severe and pervasive to withstand Defendant's motion to dismiss. See Perez-Cordero, 656 F.3d at 29 (vacating grant of summary judgment when evidence showed both period of romantic pursual and "a subsequent months-long campaign of retaliation by [Defendant] as punishment for his rejection of her advances," where she threatened "a negative evaluation, attempted to initiate a formal disciplinary proceeding against [Plaintiff], supervised his work scrupulously, and berated his performance in front of his co-workers"). After finding that Plaintiff has established a prima-facie case, we go no further; Defendant's brief motion to dismiss does not offer any non-retaliatory reasons for the conduct alleged. We have considered and rejected Defendant's arguments, and we find that the complaint states a "facially plausible legal claim" as to Defendant. Ocasio-Hernández, 640 F.3d at 12.

## IV.
## **Conclusion**

Given the foregoing, we hereby **DENY** Defendant's motion to dismiss (Docket No. 11). Remaining for adjudication are Plaintiff's harassment, hostile work environment, and retaliation claims under Title VII.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of March, 2012.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U.S. District Judge